IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL # 965, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 13-3425 |
| S. CRIDER CONSTRUCTION & SUPPLY (an Illinois Corporation), | ) ) ) | |
| Defendant | ) ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

After Defendant S. Crider Construction & Supply was found in default on April 1, 2014, Plaintiff filed a Motion for Default Judgment (d/e 8), which is now before the Court. The Court GRANTS the Motion in part because Defendant failed to answer or otherwise plead to Plaintiff's Petition to Compel Arbitration and Plaintiff is entitled to costs. The Court DENIES the Motion in part because Plaintiff is not entitled to attorney's fees.

### 1. FACTUAL BACKGROUND

Plaintiff brought this action against Defendant under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. On

Page 1 of 12

or around June 12, 2012, Defendant, an Illinois corporation, and Plaintiff, a labor organization, signed a Standard Form Area Agreement. The Agreement contains a Grievance and Arbitration Provision that states a party who has a grievance "shall have the right to submit, in writing, the unresolved grievance to final and binding arbitration . . . ." See Agreement, Article 7 § 3, Exhibit A, d/e 1-1 at 10.

After Defendant allegedly failed to pay benefits and file benefit forms as required under the Agreement, Plaintiff sought to submit a grievance to arbitration. Upon receiving Plaintiff's first request for arbitration, Defendant sought and obtained an extension of time to pay the amount in arrears. When one of these deadlines passed without a payment, Plaintiff wrote to Defendant demanding that Defendant submit the pending grievance to arbitration. Plaintiff's second letter demanding arbitration went unanswered, and Plaintiff filed the Petition To Compel Arbitration in this Court (d/e 1). The Petition sought an order from the Court compelling Defendant to process the grievance and to arbitrate or submit the grievance under the procedure established in the "Grievance and Arbitration" provision of the Agreement. The Petition also sought attorney's fees

and costs incurred by Plaintiff in having to file and pursue the Petition, and any other relief the Court found appropriate.

Although Defendant was personally served with a Summons directing him to respond to the Petition within 21 days, Defendant did not answer or otherwise plead to the allegations in the Petition. See Summons, d/e 4. Therefore, on April 1, 2014 and pursuant to Federal Rule of Civil Procedure 55(a), Magistrate Judge Schanzle-Haskins entered an Order of Default (d/e 7).

## II. ANALYSIS

Upon Defendant's default, the well-pleaded facts relating to liability in Plaintiff's Petition are taken as true. See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc. 722 F.2d 1319, 1323 (7th Cir. 1983). The Court's inquiry here is restricted to whether the current dispute about payments and filing benefit forms should be submitted to arbitration. In analyzing this claim, the Court will not rule on the potential merits of the claim underlying Plaintiff's grievance. See AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 651 (1986) ("[I]t is for the arbitrator to determine the relative merits of the parties' substantive interpretations of the agreement"); see also United Steel, Paper &

Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. TriMas Corp., 531 F.3d 531, 536 (7th Cir. 2008)("If the parties have in fact agreed to arbitrate their dispute, then they have bargained for *the arbitrator's* interpretation of their contract-not ours."). Rather, the Court will decide only on whether Plaintiff is entitled to the relief sought in the Petition to Compel Arbitration. See In re Catt, 368 F.3d 789, 793 (7th Cir. 2004). While the Court finds that Plaintiff is entitled to the specific relief of compelling arbitration of the grievance and costs, Plaintiff is not entitled to attorney's fees because Plaintiff has not shown Defendant asserted a defense in bad faith.

**1. Plaintiff has shown Default Judgment is appropriate.**

The Court has jurisdiction over violations of contracts between an employer and a labor organization under section 301 of the LMRA, 29 U.S.C. § 185(a). And this Court has the power to enforce the arbitration provision of the parties' Agreement. See United Steel, Paper & Forestry, 531 F.3d 531, 536 (7th Cir. 2008) ("Whether a party has agreed to arbitrate a particular dispute is a question for the courts to decide.")

A presumption of arbitrability exists when an agreement like the present one contains an arbitration clause, and the Court will issue an order to arbitrate if the clause can be read to cover the asserted dispute. AT&T Tech., 475 U.S. at 650 (stating that the presumption is "particularly applicable" when the clause is broad) (internal citations omitted). Plaintiff's Petition and the attached exhibits demonstrate that the Plaintiff's grievance about Defendant's failure to report hours and pay benefits falls within the Agreement's broad arbitration clause. Accordingly, Plaintiff is entitled to the specific relief on the request to compel arbitration of Plaintiff's grievance. Whether Plaintiff is entitled to the additional relief of attorney's fees is a more complicated question.

**2. Plaintiff is not entitled to attorney's fees.**

The Court will award attorney's fees to Plaintiff under § 301 of the LMRA only if Defendant's defense was "frivolous, which our cases define to mean brought in bad faith-brought to harass rather than to win." Local 232, Allied Indus. Workers of Am., AFL-CIO v. Briggs & Stratton Corp., 837 F.2d 782, 789 (7th Cir. 1988) (quoting Miller Brewing Co. v. Brewery Workers Local Union No. 9, 739 F.2d 1159 (7th Cir. 1984) and reaffirming the standard for awarding

attorney's fees under § 301). Plaintiff contends that Defendant's failure to respond to the Petition or argue why the grievance should not be submitted to arbitration shows "bad faith" and demonstrates that Defendant "was motivated to 'harass rather than to win.'" See Memorandum in Support of Motion for Default, d/e 9 at 5 (quoting Local 881 United Food and Commercial Workers Union v. Food Club of Ind., No. 11-161, 2011 WL 3501721, at *2 (N.D. IN. Aug. 10, 2011)).

The Court declines to infer anything about Defendant's motive from his silence either before or after Plaintiff filed the Petition to Compel. Defendant's inaction in responding to Plaintiff's demands for arbitration before the lawsuit is the reason Plaintiff's filed the Petition to Compel in this Court. Under the principle known as the "American Rule," "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1175 (2013) (internal citations omitted); see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."). The Supreme Court has

additionally recognized the inherent power of the federal courts to award attorney's fees only in a discrete set of circumstances.  See Chambers v. NASCO, Inc._, 501 U.S. 32, 45–46 (1991) (finding that a court has inherent power to award attorney's fees to a party whose litigation efforts directly benefit others, to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons).

Plaintiff does not rely upon a fee-shifting provision in the Agreement and the Court did not find one in the Agreement attached to the Petition as Exhibit A.  Furthermore, the Seventh Circuit has clearly stated that attorney's fees are awarded under § 301 only when an opponent's defense is frivolous or brought in bad faith.  But Defendant here has not asserted any defense to Plaintiff's Petition, and the Court refuses to infer bad faith—a specific type of conduct—from silence—the absence of conduct.  So while Plaintiff may decry the costs in attorney's fees of haling Plaintiff into federal court to enforce the arbitration provision, under the American Rule, those costs are the costs of doing business.

Moreover, Plaintiff is not entitled to attorney's fees for Defendant's failure to answer Plaintiff's Petition. Defendant's inaction in responding to Plaintiff's Petition is the reason this Plaintiff is entitled to default judgment. Attorney's fees are an additional sanction that Defendant should bear only if his defense is frivolous or asserted in bad faith. See, e.g., Local 232, 837 F.2d at 789. Defendant's failure to respond to the Petition—his silence—is the same conduct exhibited by all defendants who have default judgments against them. If Defendant's failure to answer here demonstrates "bad faith" and a "motive to harass," then courts entering default judgments should award attorney's fees as a matter of course. But that is contrary to the American Rule and not what the Seventh Circuit intended when it limited an award of attorney's fees under § 301 of the LMRA "only if [the] opponent's suit or defense was frivolous . . . brought in bad faith-brought to harass rather than to win." Local 232, 837 F.2d at 789. Without affirmative evidence of bad faith, the Court cannot determine whether this defendant is harassing Plaintiff. Therefore, without more, the Court will not "infer" a motive of bad faith from

Defendant's failure to respond to Plaintiff's Petition and will not award attorney's fees.

The Court recognizes that two other district courts have awarded attorney's fees in cases similar to this one. Plaintiff relies on a district court's decision to award a plaintiff union attorney's fees in a case with the same facts as this one: the plaintiff union filed a petition to compel arbitration after the defendant employer failed to respond to the plaintiff's repeated requests to arbitrate a dispute, and the court granted the plaintiff's motion for default judgment after the defendant did not respond to plaintiff's petition. See <u>Local 881 United Food and Commercial Workers Union v. Food Club of Ind.</u>, No. 11-161, 2011 WL 3501721, at *2 (N.D. Ind. Aug. 10, 2011). In that case, the court "infer[red]" that the defendant's motive was to "harass rather than to win" because the defendant had not responded to the plaintiff's repeated demands for arbitration before and after the plaintiff filed suit. That court did not cite any authority to support the court's finding of bad faith. The court also failed to distinguish that defendant from other defendants in default.

A district court from the Northern District of Illinois similarly "infer[red]" that a defendant employer's "motive was to harass rather than to win" when the defendant did not respond to the plaintiff union's four demands for arbitration after the plaintiff filed a lawsuit asking the court to compel arbitration.  See Int'l Bhd. of Teamsters, Local Union No. 727, AFL-CIO v. Duchossois Indus., Inc., No. 92-8143, 1993 WL 41426, at *2  (N.D. Ill. Feb. 12, 1993) (internal citations omitted).  That case did not involve a default judgment, but the court awarded attorney's fees when granting the plaintiff's petition to compel arbitration under § 301 of the LMRA. Id.  Notably, the court found evidence of a motive to harass from the defendant's "belated concession" to submit a grievance to arbitration only after the plaintiff filed the petition to compel.  Id. The court saw this concession as proof that the defendant had "no basis . . . to deny its obligation to arbitrate the present dispute."  Id. In the case here, none of Defendant's actions could be considered such a "concession" and harassment.

### 3. The Court will award costs.

Although Plaintiff is not entitled to attorney's fees, the Court will assess costs under Federal Rule of Civil Procedure 54(d).  See

FED. R. CIV. P. 54(d)(1)("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Local Rule 54.1(B) requires Plaintiff to include Form AO-133 as a summary for the Bill of Costs. Plaintiff did not file Form AO133, but did file an Affidavit itemizing Plaintiff's costs as Exhibit A to Plaintiff's Motion for Default Judgment. See Exhibit A, d/e 8-1. Plaintiff's Affidavit lists as costs only the U.S. District Court's Filing Fee of $400 and the Adams County Sheriff's Department's Service Fee of $41.00. Id. at 2. These are two of many items of allowable costs listed on the Bill of Costs, Form AO-133. See Bill of Costs, Form AO-133, available at http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO133.pdf. These costs are also permitted under 28 U.S.C. § 1920(1), the statute governing taxation of costs. Additionally, Plaintiff's Affidavit itemizing costs was filed on April 14, 2014, giving Defendant more than the 14 days' notice required under Rule 54(d)(1). Therefore, the Court will not require strict compliance with Local Rule 54.1(B) in this instance and will accept the Affidavit listing these two costs as a substitute for the Bill of Costs, Form AO-133. Counsel is

encouraged to use Form AO-133 in future cases in the Central District of Illinois.

The Court also notes that the Motion for Default Judgment did not include a proposed order, as required by the Court's Standing Order, available at http://www.ilcd.uscourts.gov/sites/ilcd/files/local_rules/Myerscough_Default_Judgments.pdf.

### III. CONCLUSION

**The Court GRANTS in PART and DENIES in part Plaintiff's Motion for Default Judgment (d/e 8). The Court DIRECTS the Clerk to enter judgment against Defendant and in favor of Plaintiff directing arbitration of Plaintiff's grievance and awarding $441.00 in costs. Defendant is ORDERED to process Plaintiff's grievance and, further, to arbitrate and/or submit the grievance pursuant to the "Grievance and Arbitration" provision in the Standard Form Area Agreement. THIS CASE IS CLOSED.**

**IT IS SO ORDERED.**

ENTER: June 11, 2014
FOR THE COURT:          s/ Sue E. Myerscough
                                   SUE E. MYERSCOUGH
                                   UNITED STATES DISTRICT JUDGE